UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL T. ALLEN,

    Plaintiff,

v.    Case No. 8:10-cv-1119-T-24-EAJ

NOVAQUEST LLC, and
ABBOTT LABORATORIES, INC.,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion to Remand (Doc. 15). Defendants oppose the motion. (Doc. 18.) For the following reasons, Plaintiff's motion is granted.

**I.    Background**

Plaintiff, Michael Allen, sued Defendants, Novaquest LLC and Abbott Laboratories, Inc., on April 1, 2010 in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, alleging discrimination pursuant to Florida Statutes Chapter 760. (Doc. 2.) In his complaint, Allen demanded unspecified compensatory damages including "back pay, front pay (or reinstatement) and benefits, damages for emotional distress, pain and suffering and mental anguish, punitive damages, pre and post judgment interest, attorneys' fees, [and] costs." (Doc. 2 at 6.)

Defendants removed the case to this Court on May 12, 2010, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Doc. 1.) In their notice of removal, Defendants stated that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs. (Doc. 1 at 3.) In support of this claim, they submitted the affidavit of Kim Liiv Rose, Senior Paralegal Manager of Quintiles Transnational Corp.[1] (Doc. 1, Ex. 1.) Ms. Rose explained that at the time Defendants terminated Allen, he earned an annual salary of $58,500 and received benefits including a monthly car allowance of $650. (Doc. 1, Ex. 1.) Therefore, Defendants calculated that Allen's alleged damages for loss of past earnings and the car allowance for the fourteen months between his termination and the commencement of this action alone totaled $77,350. (Doc. 1 at 4.)

Allen moved for remand on May 25, 2010, arguing that Defendants failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Doc. 15.) In his motion, Allen explained that although Defendants pleaded mitigation as a defense, they failed to consider Allen's mitigation in their calculation of the amount in controversy. (Doc. 15 at 1–2.) Allen claimed he "ha[d] in fact largely mitigated his damages." (Doc. 15 at 2–3.) To shed light on the mitigation issue, the Court directed Allen to file a notice with the Court detailing with specificity the amount and manner of his alleged mitigation. (Doc. 16.)

Allen filed his notice on June 1, 2010, in which he explained that after his March 2009 termination by Defendants, he obtained employment (1) "[o]n or around May 18, 2009 . . . at Saia Motor Freight in Tampa, FL earning a salary of $60,000 per year plus a car allowance"; and (2) "[i]n December of 2009 . . . with Estes Express Lines in Palm Beach County, FL earning a $60,700 annual salary plus bonus plus a car allowance." (Doc. 17.) Allen continues to work at Estes Express Lines. (Doc. 17.)

---

[1]Quintiles Transnational Corp. is the parent company of Innovex, Inc., and Innovex, Inc. does business under the name Novaquest. (Doc. 1, Ex. 1.) Novaquest was Allen's employer. (Doc. 2.)

Defendants responded on June 4, 2010, arguing that Allen's "unverified statement contains only vague and ambiguous assertions regarding his salary and car allowance," fails to stipulate that the amount in controversy is less than $75,000, and ignores the other damages claimed in his complaint. (Doc. 18.) Defendants contend that Allen's motion must be denied because Allen failed to dispute Rose's affidavit and Defendants' arguments regarding damages other than back pay. (Doc. 18.)

In their response, Defendants have attempted—impermissibly—to shift their burden to Allen. Having removed the case to this Court, Defendants bear the burden of establishing this Court's jurisdiction. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007).[2] As such, Defendants must establish the jurisdictional amount of $75,000 by a preponderance of the evidence. See id. at 1210. In Lowery, the Eleventh Circuit explained: "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." Id. at 1211. Though Defendants have addressed those aspects of Allen's alleged damages that are relatively susceptible to calculation, Allen has offered evidence to refute those calculations. Admittedly, it would be difficult for Defendants to provide the Court with an estimation of Allen's alleged damages for emotional distress, pain, suffering, and mental anguish. However, as it stands, there is insufficient evidence to establish this Court's jurisdiction by a preponderance of the evidence, and neither Defendants nor the Court may speculate as to

---

[2]Although Lowery itself involved the Class Action Fairness Act ("CAFA"), it interpreted general removal statutes and has been applied by courts outside of the CAFA context. See, e.g., Sibilia v. Makita Corp., 674 F. Supp. 2d 1290 (M.D. Fla. 2009).

3

whether such evidence exists.  See id.

Accordingly, it is ordered and adjudged that Allen's Motion to Remand (Doc. 15) is **GRANTED**.  The Clerk is directed to remand the case to state court and then to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of June, 2010.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge